**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 10-2252
_____

EDWARD LAMB,

Plaintiff – Appellant,

v.

NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INCORPORATED; NEXTEL
COMMUNICATIONS, INCORPORATED; NEXTEL COMMUNICATIONS,
INCORPORATED CHANGE OF CONTROL RETENTION BONUS AND SEVERANCE PAY
PLAN AND PLAN TRUSTEES,

Defendants – Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Rebecca Beach Smith,
District Judge.  (4:09-cv-00149-RBS-TEM)

_____

Submitted:  April 28, 2011             Decided:  May 20, 2011

_____

Before NIEMEYER, MOTZ, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James H. Shoemaker, Jr., PATTEN, WORNOM, HATTEN & DIAMONSTEIN,
LC, Newport News for Appellant.  Adam H. Garner, MCGUIREWOODS,
LLP, Baltimore, Maryland; Ronda B. Esaw, MCGUIREWOODS, LLP,
McLean, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Lamb appeals the district court's order adopting the magistrate judge's report and recommendation and denying both parties' motions for summary judgment, entering judgment for Nextel Communications, and dismissing his action for benefits under Nextel's Change of Control Retention Bonus and Severance Pay Plan ("the Plan").[1]  On appeal, Lamb argues that the district court erred in applying an abuse of discretion standard of review to the Plan administrator's denial of benefits and finding reasonable the administrator's determination that Lamb was ineligible for benefits.  Finding no reversible error, we affirm.

Judicial review of an ERISA plan administrator's decision is generally de novo unless the plan provides otherwise.  Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008).  When the plan language grants the administrator discretionary authority to determine eligibility for benefits, however, review is conducted under an abuse-of-discretion standard, even if the plan gives discretion to an administrator operating under a conflict of interest.  Id.

---

[1]  The Plan is administered by Nextel, through its Plan Administration Committee ("the Committee").  It is governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. §§ 1001-1461 (West 2008 & Supp. 2010).

2

Here, the magistrate judge correctly applied the abuse of discretion standard. The Plan explicitly states that Nextel, through the Committee, "shall promulgate any rules and regulations it deems necessary in order to carry out the purposes of the Plan or to interpret the terms and conditions of the Plan." It also states that Nextel, through the Committee, "shall determine the rights of any employee of the Company to any Retention Bonus or Severance Compensation." We hold that the foregoing provisions are sufficient to confer discretionary authority on Nextel and, thus, the application of the abuse of discretion standard was proper. See Rego v. Westvaco Corp., 319 F.3d 140, 147 (4th Cir. 2003) (holding that the administrator had discretionary authority to make eligibility determinations where the plan provided that the administrator should "adopt such procedures and rules as he deems necessary or advisable to administer the Plan" and that the administrator was responsible for "the determination of participants' eligibility to receive benefits").

"In an appeal under ERISA, we review a district court's decision de novo, employing the same standards governing the district court's review of the plan administrator's decision." Williams v. Metro. Life Ins. Co., 609 F.3d 622, 629 (4th Cir. 2010). We therefore review the district court's decision de novo and the plan administrators' decision for abuse

3

of discretion. See Champion v. Black & Decker (U.S.) Inc., 550 F.3d 355, 360 (4th Cir. 2008). In the ERISA context, "the standard equates to reasonableness: We will not disturb an ERISA administrator's discretionary decision if it is reasonable, and will reverse or remand if it is not." Evans v. Eaton Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir. 2008). When determining whether an administrator's decision was reasonable, we consider:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan, 201 F.3d 335, 342-43 (4th Cir. 2000).

Nextel denied Lamb benefits because it concluded that he voluntarily withdrew from the company, making him ineligible for the second half of his retention bonus and severance compensation under the Plan. Lamb disputes this, arguing that he was terminated and, therefore, is entitled benefits under the

4

Plan.[2] Upon consideration of the above factors, we hold that the district court did not err when it found reasonable the administrator's denial of Plan benefits. Because the administrator's finding that Lamb was offered continued employment with Nextel was not unreasonable, its conclusion that Lamb's rejection of the offer effected his voluntary withdrawal under the Plan did not constitute an abuse of discretion.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] As a threshold matter, Lamb argues that the district court erred in holding that the Plan makes eligible for the second half of the retention bonus only those employees who were involuntarily terminated because the retention bonus provision does not explicitly exclude employees who voluntarily withdrew. In light of the Plan and Summary Plan Description language, however, we conclude that the district court correctly held that an employee who voluntarily withdraws is not eligible for the second half of the retention bonus.

5